IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON LEE WRIGHT,

                                                                                                    OPINION AND ORDER

                Plaintiff,

                                                                                   16-cv-119-bbc

            v.

SAUK COUNTY SHERIFF DEPT. OF CORRECTIONS,
SAUK COUNTY PUBLIC DEFENDERS OFFICE,
SAUK COUNTY DEPT. OF CORRECTIONS UNIT #811 PAROLE AND PROBATION,
NICKY DOBBS, REEDSBURG POLICE DEPT.,
DAVID ANDERSON, SRGT LAATSCH,
SRGT SCHLOUGH, SRGT WILSON,
SRGT GOLDEN, SRGT HAMER,
DEPUTY PAPARA, SCHULTZ,
M. SPOKE COOK, C. KELLER #9318,
KOLIKOWSKI #9312, MACASKILL #9376,
KEVIN STAUM #9319, BENESH #9362
VAN DEN HEUVEL, STEVE #9345,
D. BERGMAN, W. NEUBAUER,
BECKY BENNETT, GIESE,
ROCKWIELER, T. COOK
BRYCE TRAGGER #9355, C. FISK #9381,
T. HOLLOWAY, T. GRUBER,
D. WEINBERGER #9384, M. COOK #9383
CARROLL #9325, SAUK COUNTY JAIL NURSE,
SAUK COUNTY DETECTIVE OF THE JAIL (CORRUPT),
SHANNON, Secretary receptionist, Sauk County Public Defender's office,
DEBRA V. O'ROURKE, RANDALL HOLTZ,
MARK D. LAWTON, GOMZ MARK #1032914,
KATHY LAATSCH, CFS Supervisor,
JENNIFER SOKOW, ANNA SHERMAN #8407
SRGT M. EBERLE, Reedsburg Police Dept. #137
OFFICER W. BOTTEN #140, BARABOO POLICE DEPT.,
OFFICER PICKLER, VICKIE MEISTER, Sauk County Clerk of Court,
DEBBIE WESTERWELLE, GUY REYNOLDS, Branch #3,
DETECTIVE LUSKI, MARK FRANK #1019391,
DISTRICT ATTORNEY'S OFFICE VICTIMS WITNESS UNIT,

SUE MOELLUER,SVD BUILDING JEROME,
TONYA SHELDON, DEPT. MANAGER RICHARD,
(HR) JESSICA, KELLY, MAIN BUILDING,
ETHAN, KERRY, LINDA, ONEAL,
BOB MARSHALL, Dept. Manager,
SEATS, INC. (SVD BUILDING), SEATS, INC. (MAIN BUILDING),
GREGORY AND LAVONNE SCHMIDT, BRANDON PARKER,
CHRISTINE ESPINOZA, CASEY MUNDITH, CAROLYN LEIGH,
TONYA BRONDT, KATHY L. KNIGHT, MELISSA PARKS,
ROBERTA WILSON, MICHELLE,
GARY NELSON, JR., ASHLEY CARRIG,
ALEX KROLILKOWSKI, TOW TRUCK COMPANY,
STEVES AUTO, T. KNUTH and J. SPEERS,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Jason Lee Wright has filed a proposed complaint and a request to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order, Magistrate Judge Stephen Crocker determined that plaintiff has no means to make an initial partial payment of the filing fee, so the complaint is ready for screening under 28 U.S.C. § 1915(e)(2) and § 1915A .

      I cannot allow plaintiff to proceed on any claims at this time because much of the complaint is illegible or unintelligble, which means it does not comply with the requirement in Federal Rule Civil Procedure 8 to provide fair notice of his claims. Plaintiff has handwritten his complaint, cramming large amounts of text into a small space, making it almost impossible read. The text that is legible is difficult to understand. Plaintiff has written the complaint in a stream-of-consciousness style, with little context or explanation for his vague allegations. Most of the nearly 100 defendants listed in the caption are not

mentioned in the body of the complaint.

Plaintiff's complaint has so many problems, it is difficult to provide specific guidance to him regarding how to fix it. However, in the event that plaintiff chooses to file an amended complaint, here are some things that plaintiff should consider.

First, plaintiff should treat the complaint as if he were telling a story to people who nothing about his situation. In particular, he should follow the instructions in the complaint form, which tell him to explain what *each* defendant did to violate his rights, when they did it, where it happened and why they did it, if plaintiff knows. In other words, plaintiff should provide the details and context necessary for a person reviewing the complain to understand exactly why plaintiff believes that each defendant violated his rights.

Second, if plaintiff does not have access to a printer or typewriter, plaintiff is free to handwrite the complaint, but he should take care to write clearly and legibly. In particular, he should print the complaint rather than write in cursive and he should limit himself to one line of text for each line on the page. If this does not provide enough space, he is free to attach additional pages.

Third, plaintiff should be aware that he cannot challenge the validity of his incarceration in the context of this lawsuit. If he wants to do that, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 *after* he exhausts his remedies in state court. Therefore, if plaintiff decides to file an amended complaint, he should omit allegations regarding the validity of his confinement.

Finally, under Federal Rule of Civil Procedure 20, plaintiff cannot sue different

defendants for unrelated conduct. Although it is difficult to tell from plaintiff's allegations how he believes that each of the defendants violated his rights, the general topics discussed in the complaint seems to vary significantly, including alleged harassment by police officers and alleged mail interference by staff at the jail where plaintiff is confined. These different issues do not belong in the same lawsuit. If plaintiff files an amended complaint and he includes more than one defendant, he should focus on one set of events. If he wants to sue about multiple unrelated events, he will have to file multiple lawsuits.

ORDER

IT IS ORDERED that

1. Plaintiff Jason Lee Wright's complaint is DISMISSED for his failure to provide fair notice of his claims.

2. Plaintiff may have until June 14, 2016, to file an amended complaint that complies with the Federal Rules of Civil Procedure.

3. If plaintiff does not respond by June 14, 2016, I will dismiss the complaint for

failure to state a claim upon which relief may be granted and assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Entered this 27th day of May, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge