IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON LEE WRIGHT,

                                                 OPINION AND ORDER

             Plaintiff,

                                               16-cv-119-bbc

     v.

SAUK COUNTY SHERIFF DEPT. OF CORRECTIONS,
SAUK COUNTY PUBLIC DEFENDERS OFFICE,
SAUK COUNTY DEPT. OF CORRECTIONS UNIT #811 PAROLE AND PROBATION,
NICKY DOBBS, REEDSBURG POLICE DEPT.,
DAVID ANDERSON, SRGT LAATSCH,
SRGT SCHLOUGH, SRGT WILSON,
SRGT GOLDEN, SRGT HAMER,
DEPUTY PAPARA, SCHULTZ,
M. SPOKE COOK, C. KELLER #9318,
KOLIKOWSKI #9312, MACASKILL #9376,
KEVIN STAUM #9319, BENESH #9362
VAN DEN HEUVEL, STEVE #9345,
D. BERGMAN, W. NEUBAUER,
BECKY BENNETT, GIESE,
ROCKWIELER, T. COOK
BRYCE TRAGGER #9355, C. FISK #9381,
T. HOLLOWAY, T. GRUBER,
D. WEINBERGER #9384, M. COOK #9383
CARROLL #9325, SAUK COUNTY JAIL NURSE,
SAUK COUNTY DETECTIVE OF THE JAIL (CORRUPT),
SHANNON, Secretary receptionist, Sauk County Public Defender's office,
DEBRA V. O'ROURKE, RANDALL HOLTZ,
MARK D. LAWTON, GOMZ MARK #1032914,
KATHY LAATSCH, CFS Supervisor,
JENNIFER SOKOW, ANNA SHERMAN #8407
SRGT M. EBERLE, Reedsburg Police Dept. #137
OFFICER W. BOTTEN #140, BARABOO POLICE DEPT.,
OFFICER PICKLER, VICKIE MEISTER, Sauk County Clerk of Court,
DEBBIE WESTERWELLE, GUY REYNOLDS, Branch #3,
DETECTIVE LUSKI, MARK FRANK #1019391,
DISTRICT ATTORNEY'S OFFICE VICTIMS WITNESS UNIT,
SUE MOELLUER,SVD BUILDING JEROME,
TONYA SHELDON, DEPT. MANAGER RICHARD,

(HR) JESSICA, KELLY, MAIN BUILDING,
ETHAN, KERRY, LINDA, ONEAL,
BOB MARSHALL, Dept. Manager,
SEATS, INC. (SVD BUILDING), SEATS, INC. (MAIN BUILDING),
GREGORY AND LAVONNE SCHMIDT, BRANDON PARKER,
CHRISTINE ESPINOZA, CASEY MUNDITH, CAROLYN LEIGH,
TONYA BRONDT, KATHY L. KNIGHT, MELISSA PARKS,
ROBERTA WILSON, MICHELLE,
GARY NELSON, JR., ASHLEY CARRIG,
ALEX KROLILKOWSKI, TOW TRUCK COMPANY,
STEVES AUTO, T. KNUTH and J. SPEERS,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jason Lee Wright has filed an amended complaint in response to the court's May 27, 2016 order dismissing his original complaint on the ground that it failed to provide fair notice of his claims, as required by Fed. R. Civ. P. 8. Although plaintiff named dozens of defendants in the caption of his complaint, he did not explain clearly how any of them violated his rights.

      Unfortunately, plaintiff's amended complaint does not fix most of the problems from his original complaint. Although he dropped many defendants and added many dates and legal theories, he still failed to provide enough facts to provide fair notice of his claims. For the most part, it is still impossible to tell what any particular defendant may have done to violate his rights.

      Plaintiff made some progress with respect to two claims. First, he alleges that, on June 14, 2009, "Roberta Wilson caused 4 other individual[s] from her entourage to strike myself and my female associate." Second, he alleges that officers searched his home without

a warrant. Although this allegation sounds like a single occurrence, he alleges that it occurred from "June 2009—January 6th, 2010" and also on November 24, 2009 and October 10, 2009.

These allegations are improved from plaintiff's first complaint in the sense that he provides some information regarding what some defendants allegedly did to violate his rights. However, neither allegation is sufficient to state a claim upon which relief may be granted. With respect to plaintiff's allegations against Roberta Wilson, plaintiff does not explain how she "caused" others to assault him, so it is impossible to tell whether Wilson might have violated the law. In fact, plaintiff does not even describe who Wilson is. Unless she is a public employee, this court might not have jurisdiction over the claim. Generally, assault and battery are state law claims that must be brought in state court unless the defendant acted "under color of law" or the parties are citizens of different states. Plaintiff does not allege facts suggesting either of those things is true.

With respect to the claim about the search of his home, plaintiff does not identify any individuals who are responsible. He names the "Sauk County Sheriff Dept," but that is not an entity that can be sued. Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009); Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997); Barlass v. Carpenter, 2010 WL 3521589, *3 (W.D. Wis. 2010).

Another problem is that plaintiff does not provide enough information to determine whether the search may have been unlawful. Although he says that the search occurred without a warrant, he also says elsewhere in his complaint that he was on probation. In

many cases, a warrant is not necessary to search the home of a person on probation. <u>United States v. White</u>, 781 F.3d 858, 862 (7th Cir. 2015). There are other exceptions to the warrant requirement as well. <u>Maryland v. King</u>, 133 S. Ct. 1958, 1969-70, 186 L. Ed. 2d 1 (2013). Without more facts, it is not reasonable to infer that the search was unlawful simply because the officers did not have a warrant.

Although it is possible that plaintiff could fix these problems by amending his complaint again, it would be pointless to do so because both of his claims have a problem that cannot be fixed. In Wisconsin, the general rule is that a claim for a violation of constitutional rights must be brought within six years of the violation. <u>Reget v. City of La Crosse</u>, 595 F.3d 691, 694 (7th Cir. 2010). In this case, plaintiff admits that the two incidents discussed above occurred in 2009 or January 2010, more than six years before plaintiff filed his complaint. Because plaintiff does not identify any reason why he was unable to file his complaint earlier, his complaint is not timely. Plaintiff lists more recent dates in his complaint as well, but he does not tie any of those dates to a particular violation of the law.

In sum, I see no way that plaintiff could cure all of the problems with his allegations by filing another amended complaint. Accordingly, I am dismissing the complaint with prejudice.

ORDER

IT IS ORDERED that plaintiff Jason Lee Wright's amended complaint is

DISMISSED WITH PREJUDICE for his failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly. I am recording a "strike" in accordance with 28 U.S.C. § 1915(g). If plaintiff receives three "strikes," he will be unable to proceed in forma pauperis under 28 U.S.C. § 1915 while he is a prisoner unless he is in imminent danger of serious physical injury.

Entered this 13th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge