IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON LEE WRIGHT,

                ORDER

     Plaintiff,

                16-cv-119-bbc

    v.

SAUK COUNTY SHERIFF DEPT. OF CORRECTIONS,
SAUK COUNTY PUBLIC DEFENDERS OFFICE,
SAUK COUNTY DEPT. OF CORRECTIONS UNIT
#811 PAROLE AND PROBATION,
NICKY DOBBS, REEDSBURG POLICE DEPT.,
DAVID ANDERSON, SRGT LAATSCH,
SRGT SCHLOUGH, SRGT WILSON,
SRGT GOLDEN, SRGT HAMER,
DEPUTY PAPARA, SCHULTZ,
M. SPOKE COOK, C. KELLER #9318,
KOLIKOWSKI #9312, MACASKILL #9376,
KEVIN STAUM #9319, BENESH #9362
VAN DEN HEUVEL, STEVE #9345,
D. BERGMAN, W.  NEUBAUER,
BECKY BENNETT, GIESE,
ROCKWIELER, T. COOK
BRYCE TRAGGER  #9355, C. FISK #9381,
T. HOLLOWAY, T. GRUBER,
D. WEINBERGER #9384, M. COOK #9383
CARROLL #9325, SAUK COUNTY JAIL NURSE,
SAUK COUNTY DETECTIVE OF THE JAIL (CORRUPT),
SHANNON, Secretary receptionist, Sauk County Public Defender's office,
DEBRA V. O'ROURKE, RANDALL HOLTZ,
MARK D. LAWTON, GOMZ MARK #1032914,
KATHY LAATSCH, CFS Supervisor,
JENNIFER SOKOW, ANNA SHERMAN #8407
SRGT M. EBERLE, Reedsburg Police Dept. #137
OFFICER W. BOTTEN #140, BARABOO POLICE DEPT.,
OFFICER PICKLER, VICKIE MEISTER, Sauk County Clerk of Court,
DEBBIE WESTERWELLE, GUY REYNOLDS, Branch #3,
DETECTIVE LUSKI, MARK FRANK #1019391,

1

DISTRICT ATTORNEY'S OFFICE VICTIMS WITNESS UNIT,
SUE MOELLUER,SVD BUILDING JEROME,
TONYA SHELDON, DEPT. MANAGER RICHARD,
(HR) JESSICA, KELLY, MAIN BUILDING,
ETHAN, KERRY, LINDA, ONEAL,
BOB MARSHALL, Dept. Manager,
SEATS, INC. (SVD BUILDING), SEATS, INC. (MAIN BUILDING),
GREGORY AND LAVONNE SCHMIDT, BRANDON PARKER,
CHRISTINE ESPINOZA, CASEY MUNDITH, CAROLYN LEIGH,
TONYA BRONDT, KATHY L. KNIGHT, MELISSA PARKS,
ROBERTA WILSON, MICHELLE,
GARY NELSON, JR., ASHLEY CARRIG,
ALEX KROLILKOWSKI, TOW TRUCK COMPANY,
STEVES AUTO, T. KNUTH and J. SPEERS,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

         In an order dated July 13, 2016, I dismissed plaintiff Jason Lee Wright's complaint

for failure to state a claim upon which relief may be granted and I directed the clerk of court

to enter judgment.  Dkt. ##16 and 17.  On August 31, 2016, plaintiff filed an untitled

document.  Like the other documents plaintiff has filed, the handwriting is difficult to read

and the content of the document is difficult to understand.  However, plaintiff seems to be

raising two issues in the document: (1) officials at the Sauk County jail (where plaintiff is

incarcerated) have been violating his rights since he filed this lawsuit; and (2) plaintiff wants

more time to file a second amended complaint so that he can clarify the claims he raised on

his first two complaints.

         I cannot provide relief to plaintiff with respect to either of these issues.  It is too late

for plaintiff to file another amended complaint.  Once a district court enters judgment, a

party has 28 days to seek reconsideration of the decision under Fed. R. Civ. P. 59(e).  The

court has no authority to extend that deadline under any circumstances.  Banks v. Chicago Bd. of Education, 750 F.3d 663, 666 (7th Cir. 2014).  Because plaintiff's 28-day deadline passed in the middle of August, plaintiff's August 31, 2016 motion is untimely.

Fed. R. Civ. P. 60 allows a party to seek relief from a judgment after the 28-day deadline in extraordinary circumstances, Nash v. Hepp, 740 F.3d 1075 (7th Cir. 2014), but plaintiff has not shown that such circumstances exist in this case.  He alleges generally that jail officials interfered with his ability to litigate and "caused [his] case to be dismissed," but that is incorrect.  I dismissed  the complaint because the only claims plaintiff identified in his complaint were barred by the statute of limitations.  In any event, plaintiff has not identified any specific way that a jail official has prevented him from communicating with the court or drafting his complaint.

To the extent that plaintiff believes that jail officials have violated his rights after he filed this lawsuit, he is free to raise those claims in a new lawsuit, but, again, it is too late to amend his complaint in this case.


ORDER

IT IS ORDERED that plaintiff Jason Lee Wright's document, which I construe as a

motion for reconsideration and a motion for leave to amend his complaint, dkt. #18, DENIED.

Entered this 29th day of September, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

4